UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

TALLAHASSEE DIVISION

| | |
|---|---|
| BONNIE FOSHEE, Individually and on Behalf of All Others Similarly Situated,<br><br>                   Plaintiff,<br><br>     vs.<br><br>DELTA AIR LINES, INC.,<br><br>                 Defendant. | No. _____<br><br>CLASS ACTION COMPLAINT<br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

No.  _____

Plaintiff Bonnie Foshee ("Plaintiff"), individually and on behalf of all others similarly situated, with knowledge as to Plaintiff's own actions and events, and upon information and belief as to other matters, complains and alleges as follows:

## NATURE OF THE ACTION

1.     This is a putative class action challenging defendant Delta Air Lines, Inc.'s ("Delta or "Defendant") breach of one of the fundamental promises it makes to its customers: **"We do not sell your name or other personal information to third parties, and do not intend to do so in the future."** As alleged in detail below, Delta does, indeed, sell its customers' personal information to a third party for profit.

2.     Plaintiff seeks, on behalf of herself and the Class (defined below), damages for breach of contract or, alternatively, restitution for unjust enrichment, remedies for bailment, as well as all remedies available under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §501.201, *et seq.*, including declaratory and injunctive relief, actual damages in the amount of Delta's illegal profits from the sale of personal information, and attorneys' fees and costs under Fla. Stat. §§501.2105, 501.211.

## THE PARTIES

**Plaintiff**

3.     Plaintiff Bonnie Foshee is a citizen of the state of Florida, residing in Havana, Florida.  On or about March 18, 2018, Plaintiff used her credit card to purchase airline tickets from Delta through Delta's website, www.delta.com.   In connection with such purchase, Plaintiff elected to purchase travel insurance for Plaintiff's flights.  From the time Plaintiff paid for Delta airline tickets and travel insurance offered by AGA Service Company Corp. d/b/a Allianz Global

No. _____

Assistance ("AGA") until discussions with Plaintiff's counsel, Plaintiff had no reason to suspect that Delta had sold her personal information to AGA for a profit. Plaintiff relied on Delta's promises in its Privacy Policy that "[w]e do not sell your name or other personal information to third parties, and do not intend to do so in the future."

**Defendant**

4.      Delta Air Lines, Inc. is a Delaware corporation with its principal place of business at 1030 Delta Boulevard, Atlanta, Georgia 30354.

**JURISDICTION AND VENUE**

5.      The Court has subject matter jurisdiction over this class action pursuant 28 U.S.C. §1332(d), because Plaintiff and other Class members are of diverse citizenship from Defendant, there are more than 100 Class members nationwide, and the aggregate amount in controversy exceeds $5,000,000.00, excluding interest and costs.

6.      Venue is proper in this District under 28 U.S.C. §1391 because Defendant engaged in substantial conduct relevant to Plaintiff's claims within this District and has caused harm to Class members residing within this District.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

7.      This case alleges that Delta has breached, and continues to breach, one of the fundamental promises it makes to its customers: ***We do not sell your name or other personal information to third parties, and do not intend to do so in the future.***[1]

---

[1]    Delta Air Lines, Inc. Privacy Policy, §7.1, https://www.delta.com/us/en/legal/privacy-and-security (effective date Nov. 2019). Upon information and belief, this same guarantee has existed in Delta's Privacy Policy throughout the class period. According to the Internet Archive Wayback Machine, Delta made this same promise in October 2018, *see* Delta Air Lines, Inc. Privacy Policy, §7.1,  https://web.archive.org/web/20181115134429/https://www.delta.com/us/en/legal/privacy-

No. _____

8.      Contrary to Delta's express promise not to sell its customers' personal information, it does just that when, according to its own admission, "Delta is paid a marketing fee for allowing AGA to sell insurance to Delta customers."[2]  This "marketing fee," according to Delta, is "derived from the number of data sets transmitted" to AGA.[3]

9.      Plaintiff and the Class provided Delta with sensitive personal and financial information, including, but not limited to, their full legal names, credit and debit card numbers, expiration dates, CVV codes, email addresses, and other personal information (collectively, "Personal Information"), in reliance on Delta's promise that it would not sell their information for profit.

10.      This Personal Information of Plaintiff's and the Class', however, are the very "data sets" Delta admits AGA pays it for pursuant to their "marketing agreement."

11.      Delta was entrusted with the Personal Information of Plaintiff and other Class members to act in accordance with its own Privacy Policy, including not to profit off of the sale of Personal Information.  Delta had a duty, contractually or under common-law equitable principles, to refrain from selling Plaintiff's and the Class' Personal Information.  Delta breached that duty, and was unjustly enriched, by ignoring its own promises and selling Plaintiff's and the Class' Personal Information.

---

and-security (effective date Oct. 2018) ("We do not sell your name or other personal information to third parties, and do not intend to do so in the future.").

[2]    Delta's Reply in Support of Its Motion to Dismiss Plaintiff's Third Amended Complaint, *Donoff v. Delta Air Lines, Inc.*, No. 9:18-cv-81258-DMM (S.D. Fla. Sept. 20, 2019), ECF No. 155 at 8.

[3]    *Id.*

No.  _____

12.     Indeed, Delta's own Code of Ethics & Business Conduct promises that Delta is "built on a foundation of trust and integrity[,]"[4] and that "Delta conducts its business ethically and in compliance with law."[5]

13.     Delta's own promise of "Operational Excellence" requires Delta to, among other things, "[t]reat [its] customers fairly and respectfully," "[p]rotect customer property," and, most critically here, "Protect customer privacy."[6]  In this regard, Delta further warrants that "[c]ustomer information, including travel plans, should not be used *except as authorized to do Delta business*."[7]

14.     However, as the result of Delta's improper sale of its customers' Personal Information, Delta either breached its express contract with Plaintiff and the Class or was unjustly enriched.  Further, Delta's conduct in selling its customers' Personal Information constitutes unfair or deceptive acts or practices in the conduct of trade or commerce, which is unlawful under FDUTPA.  *See* Fla. Stat. §501.201, *et seq.*  Such conduct is directly contrary to Delta's admission that its own "marketing, advertising, and sales activities must be accurate and honest[,]" and that "[d]eceptive advertising, promotional, or business activity is prohibited by state, federal, and local law and regulations."[8]

---

[4]    Delta    Code    of    Ethics    &    Business    Conduct    ("Code    of    Ethics"), https://s2.q4cdn.com/181345880/files/doc_downloads/governance/Code-of-Ethics-and-Business-Conduct-3.282016.pdf (last visited Dec. 18, 2019).

[5]    *Id.* at 1.

[6]    *Id.* at 10.

[7]    *Id.* at 11 (emphasis added).

[8]    Code of Ethics at 17.

No. _____

15.     To be sure, the United States Federal Trade Commission ("FTC") has determined that the illicit sale of customer data violates Section 5 of the Federal Trade Commission Act ("FTC Act"),[9] 15 U.S.C. §45(a); Delta's sale of its customers' Personal Information violates FDUTPA. Fla. Stat. §501.204(2) ("in construing subsection (1), due consideration and great weight shall be given to the interpretations of the [FTC] and the federal courts relating to [§]5(a)(1) of the [FTC] Act, 15 U.S.C. [§]45(a)(1)").

16.     Plaintiff seeks, on behalf of herself and the Class, damages for breach of contract or, alternatively, restitution for unjust enrichment, as well as all remedies for bailment and remedies available under Fla. Stat. §501.211, including declaratory and injunctive relief, actual damages in the amount of Delta's illegal profits from the sale of Personal Information, and attorneys' fees and costs under Fla. Stat. §501.2105.

## CLASS ACTION ALLEGATIONS

17.     Plaintiff brings this action individually and on behalf of a nationwide Class pursuant to the Rule 23(a), (b)(2), (b)(3), and/or (c)(4) of the Federal Rules of Civil Procedure.

18.     The Class is defined as: "All citizens of the state of Florida who gave their Personal Information to Delta Air Lines, Inc. in connection with their purchase of travel insurance."

19.     Excluded from the Class are Defendant, its affiliates, officers, and directors, and the Court, the Court's immediate family, and the Court's staff.  Plaintiff reserves the right to modify, change, or expand the Class definition upon discovery and further investigation.

---

[9]     *See, e.g.*, Complaint for Permanent Injunction and Other Equitable Relief, *FTC v. Sitesearch Corp.*, No. 2:14-cv-02750 (D. Ariz. Dec. 22, 2014), ECF No. 1.

No.  _____

20.    **Numerosity:** Upon information and belief, the Class is so numerous that joinder of all members is impractical; thousands of consumers purchase Delta airline tickets through Delta's website and contemporaneously purchase travel insurance offered by AGA on Delta's website booking path.  While the exact number and identities of the individual members of the Class are unknown at this time, such information being in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process, Plaintiff believes, and on that basis alleges, there are tens, if not hundreds, of thousands of Class members.

21.    **Existence and Predominance of Common Questions of Fact and Law:** Common questions of fact and law exist as to all members of the Class.  These questions predominate over the questions affecting individual Class members.  These common legal and factual questions include, but are not limited to, whether:

(a)    Defendant sold its customers' Personal Information to AGA;

(b)    Defendant breached its Privacy Policy;

(c)    Defendant was unjustly enriched;

(d)    Defendant committed an unfair method of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of trade or commerce in violation of FDUTPA;

(e)    Plaintiff and Class members are entitled to damages, restitution, disgorgement, equitable relief, declaratory relief, and/or other relief; and

(f)    The amount and nature of such relief to be awarded to Plaintiff and the Class.

No. _____

22.    **Typicality:** All of Plaintiff's claims are typical of the claims of the Class inasmuch as Plaintiff was a Delta customer who provided Personal Information to Delta and whose Personal Information was sold to AGA and each member of the Class was also a Delta customer who provided Personal Information to Delta and whose Personal Information was sold to AGA. Further, Plaintiff and all the members of the Class sustained the same monetary and economic injuries of being subjected to Delta's breach of its Privacy Policy or unjust enrichment, in violation of FDUTPA, and the remedy sought for each is the same in which Plaintiff seeks relief against Defendant for herself and all Class members.

23.    **Adequacy:** Plaintiff is an adequate representative because Plaintiff's interests do not conflict with the interests of the Class Plaintiff seeks to represent, Plaintiff has retained counsel competent and highly experienced in complex class action litigation, and Plaintiff and Plaintiff's counsel intend to prosecute this action vigorously.  The interests of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

24.    **Superiority:** A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and other members of the Class.  The injuries suffered by each individual Class member are relatively small in comparison to the burden and expense of the individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.  It would be virtually impossible for individual members of the Class to effectively redress the wrongs done to them.  Even if the members of the Class could afford such individual litigation, the court system could not.  Individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case.  By contrast, the

No. _____

class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, *inter alia*, Defendant's and AGA's records.

25. Defendant has acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

26. Alternatively, the common issues identified above can be litigated on a Class-wide basis under Rule 23(c)(4).

**FRAUDULENT CONCEALMENT**

27. Plaintiff and other Class members had neither actual nor constructive knowledge of Delta's unlawful sale of their Personal Information, nor would any reasonable amount of diligence by Plaintiff or the Class have put them on notice of the sale, particularly since Delta expressly disclaims that it does so. Any statute of limitations is therefore tolled by Defendant's intentional concealment of its sale of Personal Information to AGA. Plaintiff and other Class members were deceived regarding Defendant's surreptitious conduct and could not reasonably discover Defendant's illegal conduct.

28. Neither Defendant nor AGA disclosed the existence of the sale of Personal Information to Plaintiff or other Class members.

29. Delta's Privacy Policy conceals the fact that it sells Personal Information to AGA.

30. Plaintiff and the Class would thus have no reason to know of Delta's sale of Personal Information. Plaintiff and the Class are not parties to "marketing agreements" between Delta and AGA, nor are they publicly available.

No. _____

31.    Because of Defendant's successful deceptions and other concealment efforts described herein, Plaintiff and other Class members had no reason to know Defendant had sold their Personal Information to AGA.

32.    As a result of Defendant's fraudulent concealment, the running of any statute of limitations has been tolled with respect to the claims that Plaintiff and other Class members have as a result of the unlawful conduct alleged herein.

## COUNT I
### Violation of the Florida Deceptive and Unfair Trade Practices Act,
### Fla. Stat. §501.201, *et seq.*
### (On Behalf of the Class)

33.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained above as though fully stated herein.

34.    This count is brought pursuant to FDUTPA.

35.    At all times material, Plaintiff and all Class members were consumers within the meaning of Fla. Stat. §501.203, and are entitled to relief under FDUTPA in accordance with Fla. Stat. §501.211.

36.    At all times material, Delta conducted trade and commerce within the meaning of Fla. Sta. §501.203.

37.    Delta has engaged in unlawful schemes and courses of conduct through one or more of the unfair and deceptive acts and practices alleged above.

38.    The misrepresentations, deceptions, concealment, and omissions of material facts concerning Delta's sale of Plaintiff's and the Class' Personal Information, as alleged in the preceding paragraphs, occurred in connection with Delta's trade and commerce in Florida.

No. _____

39.     Delta's unfair and deceptive acts and practices violate FDUTPA, Fla. Stat. §§501.201 and 501.211.

40.     Delta's conduct violated FDUTPA in three independent ways.  First, Delta deceptively misrepresented to Plaintiff and the Class that it does not sell their Personal Information.  In reality, Delta does just the opposite — and has admitted to doing so.

41.     Delta's Privacy Policy, specifically Section 7.1, states that "[w]e [Delta] do not sell your name or other personal information to third parties, and do not intend to do so in the future." However, Delta has admitted that under a "marketing agreements" to the seller of travel insurance to Delta's customers, AGA pays Delta a "marketing fee" for selling Plaintiff's and the Class' Personal Information to AGA.  Delta never discloses to its consumers that it is selling their personal data to AGA.

42.     As a direct and proximate result of Delta's FDUTPA violations, Plaintiff and the Class have been damaged in an amount to be proven at trial.  Plaintiff and the Class have a monetary, out-of-pocket loss, as they paid money to Delta as a result of its deceptive conduct, and Delta received money from the sale of Plaintiff's and the Class' Personal Information without their consent, which said money belongs to Plaintiff and the Class, not Delta.

43.     Plaintiff and the Class are entitled to actual damages, declaratory and injunctive relief, attorneys' fees and costs, and all other remedies available under FDUTPA.

**COUNT II**
**Breach of Contract**

44.     Plaintiff repeats, realleges, and incorporates by reference the allegations contained above as though fully stated herein.

- 10 -

No. _____

45.    Delta's Privacy Policy forms a binding contract between Delta and each customer at the time they use www.delta.com.

46.    Delta breached the contract with respect to its Privacy Policy by selling its customers' Personal Information.

47.    Among other things, the FTC requires companies holding Personal Information to comply with their stated privacy policies.[10] Defendant breached this provision of the contract in that it sold its customers' Personal Information, including that of Plaintiff and the Class. Defendant violated its commitment not to sell the Personal Information of Plaintiff and the Class members, and failed to comply with its own policies and applicable laws and regulations of the FTC.

48.    Delta's sale of Plaintiff's and the Class' Personal Information was a direct and legal cause of the injuries and damages they suffered.

49.    Plaintiff and the Class were harmed as the result of Defendant's breach of contract terms outlined above because their Personal Information was sold and monetized by Delta without their consent.

### COUNT III
### Unjust Enrichment
### (Pled in the Alternative to Count II)
### (On Behalf of the Class)

50.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained above as though fully stated herein, except the allegations in ¶¶44-49.

---

[10]    *See infra* n.9; *see also* Complaint for Civil Penalties, Injunction, and Other Relief, *United States v. Facebook, Inc.*, No. 1:19-cv-02184 (D.D.C. July 24, 2019), ECF No. 1.

No.  _____

51.    Plaintiff and other Class members conferred benefits on Delta by purchasing airline tickets and other related services.

52.    Delta knowingly and willingly accepted monetary benefits Plaintiff and the Class paid for the airline tickets and related services, but failed to honor its obligations to them, including not selling their Personal Information without their consent.

53.    Under the circumstances described herein, it is inequitable for Delta to retain the monetary benefits it received from AGA for the sale of Personal Information at the expense of Plaintiff and other Class members.

54.    By engaging in the conduct described above, Delta has been unjustly enriched at the expense of Plaintiff and other Class members.  Under the circumstances, it would be contrary to equity and good conscience to permit Delta to retain the ill-gotten benefits that Delta received in light of the violations of law detailed herein.

55.    As a result of Delta's unjust enrichment, Plaintiff and other Class members have suffered injury and are entitled to reimbursement, restitution, and disgorgement by Delta of the benefit conferred by Plaintiff and other Class members.

56.    Plaintiff and the Class have no adequate remedy at law.

**COUNT IV**
**Bailment**
**(On Behalf of the Class)**

57.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained above, as though fully stated herein.

58.    Plaintiff and other Class members delivered and entrusted their Personal Information to Delta for the sole purpose of obtaining certain travel services.

- 12 -

No. _____

59.    During the time of bailment, Delta owed Plaintiff and other Class members a duty to safeguard their Personal Information stored with Delta and only share their Personal Information in accordance with Delta's Privacy Policy.  As alleged herein, Delta breached this duty.

60.    As a result of Delta's breach of this duty, Plaintiff and other Class members have been harmed as alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class respectfully request that the Court:

A.    Determine that the claims alleged herein may be maintained as a Class Action under Rule 23 of the Federal Rules of Civil Procedure, and issue an Order certifying the Class as defined above;

B.    Appoint Plaintiff as a representative of the Class and her counsel as Class Counsel;

C.    Declare that Defendant's actions as set forth in this Complaint violate the law;

D.    Award Plaintiff and the Class damages in an amount according to proof against Defendant for Defendant's violations of FDUTPA in accordance with that law;

E.    Award all actual, general, special, incidental, statutory, and consequential damages, disgorgement, and restitution to which Plaintiff and other Class members are entitled;

F.    Grant a permanent injunction enjoining Defendant from selling Plaintiff's and the Class members' Personal Information for profit;

- 13 -

No.  _____

G.      Declare Defendant be permanently enjoined and restrained from selling Plaintiff's and other Class members' Personal Information for profit except as prescribed by this Court;

H.      Declare Defendant to be financially responsible for the costs and expenses of a Court-approved notice program by email, mail, broadcast media, and publication designed to give immediate notification to Class members;

I.      Award pre-judgment and post-judgment interest on such monetary relief;

J.      Award reasonable attorneys' fees and costs; and

K.      Grant such further relief that this Court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED:  December 19, 2019          ROBBINS GELLER RUDMAN & DOWD LLP
                                   STUART A. DAVIDSON
                                   Florida Bar No. 84824
                                   CHRISTOPHER C. GOLD
                                   Florida Bar No. 88733
                                   BRADLEY M. BEALL
                                   Florida Bar No. 1010635


                                   _____
                                            *s/ Stuart A. Davidson*
                                            Stuart A. Davidson

                                   120 East Palmetto Park Road, Suite 500
                                   Boca Raton, FL  33432
                                   Telephone:  561/750-3000
                                   561/750-3364 (fax)
                                   sdavidson@rgrdlaw.com
                                   cgold@rgrdlaw.com
                                   bbeall@rgrdlaw.com

No.  _____

LEÓN COSGROVE, LLP
SCOTT B. COSGROVE
Florida Bar No. 161365
ALEC H. SCHULTZ
Florida Bar No. 35022
JOHN R. BYRNE
Florida Bar No. 126294
JEREMY L. KAHN
Florida Bar No. 105277
255 Alhambra Circle, Suite 800
Miami, FL  33134
Telephone:  305/740-1975
305/437-8158 (fax)
scosgrove@leoncosgrove.com
aschultz@leoncosgrove.com
jbyrne@leoncosgrove.com
jkahn@leoncosgrove.com

Attorneys for Plaintiff and the Class