UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

TALLAHASSEE DIVISION

| | | |
|---|---|---|
| BONNIE FOSHEE, MILITA BARBARA DOLAN, WALTER CAPPILLO, KRISTIAN ZAMBER, ANDREA DURKEE, DAVID LAZAR, LISA SALMONS, MADELEINE F. SHATTENKIRK, and RANDY O'KANE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) ) ) ) ) | No. 4:19-cv-00612-MW-MAF CLASS ACTION PLAINTIFFS' SUPPLEMENTAL BRIEF |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| DELTA AIR LINES, INC., JETBLUE AIRWAYS CORPORATION, AMERICAN AIRLINES, INC., UNITED AIRLINES, INC., ALASKA AIRLINES, INC., and NATIONAL RAILROAD PASSENGER CORP d/b/a AMTRAK, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

# TABLE OF CONTENTS

**PAGE**

A.  Under Well-Settled Law, Plaintiffs Clearly Have Standing to Bring and Settle State Common-Law Claims on Behalf of a Nationwide Settlement Class ...............................................................1

B.  Neither *Dolan* Nor *Donoff* Prevent the Court from Certifying a Nationwide Settlement Class ...............................................................6

    1.  There Is No Barrier to Certification of a Nationwide Settlement Class for Plaintiffs' Unjust Enrichment Claim.........8

    2.  *Donoff* Is Both Distinguishable and, in Plaintiffs' View, Wrongly Decided ......................................................................12

        a.  *Donoff* Is Distinguishable .............................................12

        b.  In Plaintiffs' View, *Donoff* Is Wrongly Decided ..........13

# TABLE OF AUTHORITIES

**CASES**                                                                          **PAGE**

*Access Now, Inc. v. AMH CGH, Inc.*,
    No. 98-3004-CIV-GOLD, 2001 WL 1005593 (S.D. Fla. May 11, 2001)........5, 6

*Allapattah Servs. v. Exxon Corp.*,
    333 F.3d 1248 (11th Cir. 2003) ........................................................................15

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)............................................................................................2

*Armstrong v. Martin Marietta Corp.*,
    138 F.3d 1374 (11th Cir. 1998) ......................................................................12

*Bennett v. Behring Corp.*,
    737 F.2d 982 (11th Cir. 1984) ..........................................................................7

*Bennett v. Behring Corp.*,
    96 F.R.D. 343 (S.D. Fla. 1982)..........................................................................7

*Burrow v. Forjas Tauras S.A.*,
    No. 16-21606-Civ-TORRES, 2019 U.S. Dist. LEXIS 63893
    (S.D. Fla. Mar. 15, 2019)..................................................................................2

*Cappillo v. Delta Air Lines, Inc.*,
    No. 20-10931 (11th Cir.) ................................................................................14

*Carriuolo v. Gen. Motors Co.*,
    823 F.3d 977 (11th Cir. 2016) ..................................................................14, 16

*Deas v. Russell Stover Candies, Inc.*,
    No. CV-04-C-0491-S, 2005 WL 8158201 (N.D. Ala. Dec. 22, 2005) ...............5

*Dolan v. JetBlue Airways Corp.*,
    385 F. Supp. 3d 1338 (S.D. Fla. 2019).......................................................*passim*

*Donoff v. Delta Air Lines, Inc.*,
    No. 18-cv-81258, 2020 WL 3268272 (S.D. Fla. Jan. 24, 2020) ...............*passim*

*Dorado v. Bank of Am., N.A.*,
    No. 1:16-CV-21147-UU, 2017 WL 5241042 (S.D. Fla. Mar. 24, 2017).....11, 12

*Evans v. U.S. Pipe & Foundry Co.*,
   696 F.2d 925 (11th Cir. 1983) ..................................................................15

*Fitzpatrick v. Gen. Mills, Inc.*,
   635 F.3d 1279 (11th Cir. 2011) ........................................................14

*In re 21st Century Oncology Customer Data Sec. Breach Litig.*,
   No. 8:16-md-02737-MSS-AEP (M.D. Fla. Nov. 2, 2020) ....................................5

*In re Abbott Labs. Norvir Anti-Tr. Litig.*,
   No. C 04-1511 CW, 2007 WL 1689899 (N.D. Cal. June 11, 2007) .................12

*In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*,
   789 F. Supp. 2d 935 (N.D. Ill. 2011)...............................................................11

*In re: Blue Cross Blue Shield Antitrust Litig.*,
   No. 2:13-CV-20000-RDP, 2020 WL 8256366 (N.D. Ala. Nov. 30, 2020) .........5

*In re Checking Acct. Overdraft Litig.*,
   275 F.R.D. 666 (S.D. Fla. 2011)......................................................................4

*In re Checking Acct. Overdraft Litig.*,
   307 F.R.D. 630 (S.D. Fla. 2015).....................................................................11

*In re Checking Acct. Overdraft Litig.*,
   830 F. Supp. 2d 1330 (S.D. Fla. 2011)..............................................................4

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,
   No. 1:17-md-2800-TWT, 2020 U.S. Dist. LEXIS 7841 (N.D. Ga. Jan. 13,
   2020) ...................................................................................................7

*In re Hyundai & Kia Fuel Econ. Litig.*,
   926 F.3d 539 (9th Cir. 2019) ...........................................................................3

*In re Mex. Money Transfer Litig.*,
   267 F.3d 743 (7th Cir. 2001) .........................................................................11

*In re Nat'l Collegiate Athletic Assoc. Student-Athlete Concussion Inj. Litig.*,
   314 F.R.D. 580 (N.D. Ill. 2016).......................................................................11

*In re Warfarin Sodium Antitrust Litig.*,
   391 F.3d 516 (3d Cir. 2004) ......................................................................7, 11

*James D. Hinson Elec. Contracting Co. v. AT & T Servs., Inc.*,
No. 3:13-CV-29-J-32JRK, 2014 WL 1118015 (M.D. Fla. Mar. 20, 2014) .........9

*Klay v. Humana, Inc.*,
382 F.3d 1241 (11th Cir. 2004) ..................................................................4, 8, 9

*Kunzelmann v. Wells Fargo Bank, N.A.*,
No. 9:11-CV-81373-DMM, 2013 WL 139913 (S.D. Fla. Jan. 10, 2013)..8, 9, 10

*Lebron v. Sec'y of Fla. Dep't of Child. & Fams.*,
772 F.3d 1352 (11th Cir. 2014) ........................................................................13

*Macklin v. Singletary*,
24 F.3d 1307 (11th Cir. 1994) ..........................................................................13

*Mazza v. Am. Honda Motor Co.*,
666 F.3d 581 (9th Cir. 2012) ..............................................................................3

*Pincay Invs. Co. v. Covad Commc'ns Grp.*,
90 F. App'x 510 (9th Cir. 2004)..........................................................................7

*Thomas v. Blue Cross & Blue Shield Ass'n*,
333 F. App'x 414 (11th Cir. 2009) ......................................................................6

*Wilson v. EverBank, N.A.*,
77 F. Supp. 3d 1202 (S.D. Fla. 2015)..................................................................1

## STATUTES, RULES AND REGULATIONS

Federal Rules of Civil Procedure
Rule 23 ...................................................................................1, 2, 10, 11
Rule 23(a)(1).........................................................................................15
Rule 23(b)(3).................................................................................10, 14
Rule 23(e)(2)...........................................................................................7
Rule 23(f)..............................................................................................14

Plaintiffs Bonnie Foshee, Milita Barbara Dolan, Walter Cappillo, Kristian Zamber, Andrea Durkee, David Lazar, Lisa Salmons, Madeleine F. Shattenkirk, and Randy O'Kane (collectively, "Plaintiffs"), respectfully submit this Supplemental Brief pursuant to the Court's April 15, 2021 Order (ECF No. 52).

### A.   Under Well-Settled Law, Plaintiffs Clearly Have Standing to Bring and Settle State Common-Law Claims on Behalf of a Nationwide Settlement Class

At the April 15, 2021 status conference, the Court expressed concern over whether the named Plaintiffs, who are domiciled in California, Connecticut, Florida, and New York, had standing to represent a nationwide class asserting state-law claims in connection with a class settlement. However, the Court has little reason to worry on this count, as well-settled case law indicates that this is not an issue where certification of a settlement class is sought.

Preliminarily, there is no requirement that there be a named plaintiff from every state to certify a nationwide class. *See Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1231 (S.D. Fla. 2015). Not only would such a requirement be "contrary to established practice and highly inefficient," it would also improperly "conflate the issue of whether the named Plaintiffs have standing to bring their individual claims with the secondary issue of whether they can meet the requirements to certify a class under Rule 23." *Id.* (alteration omitted). In other words, a plaintiff need only have

Article III standing to assert her individual claim; whether a national class can be certified under Rule 23 is a separate analysis.

The Rule 23 analysis is plainly satisfied as well.

In a situation where "Plaintiffs seek class certification for settlement purposes, the Court need not inquire into whether this Action, if tried, would present intractable management problems." *Burrow v. Forjas Tauras S.A.*, No. 16-21606-Civ-TORRES, 2019 U.S. Dist. LEXIS 63893, at *22 (S.D. Fla. Mar. 15, 2019) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).[1]  Those "manageability" issues that require review under contested certification circumstances include choice-of-law analyses. *Id.* at *23 ("Thus, while choice-of-law analyses may have presented manageability problems in resolving claims in contested class and litigation proceedings, it is not a factor in the nationwide settlement context that the Parties propose.").  Here, however, there is no need (nor requirement) that the parties or the Court engage in a choice-of-law analysis because such matters are of no future import without summary judgment or a trial on the horizon.

Indeed, the Ninth Circuit, rehearing *en banc* its prior divided three-judge panel decision, recently overruled its prior decision that foreclosed nationwide settlement-

---

[1]   Citations, internal quotations, and footnotes omitted and emphasis added unless otherwise noted.

class certification without representative plaintiffs from every state in the Union, holding that because the case involved certification of a settlement-only class, the question of "manageability [wa]s not a concern . . . [since] by definition, there will be no trial." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556-57 (9th Cir. 2019).[2]  As to the choice-of-law issue specifically, the *en banc* court held that "[s]ubject to constitutional limitations and the forum state's choice-of-law rules, a court adjudicating a multistate class action is free to apply the substantive law of a ***single state*** to the entire class." *Id.* at 561.  In line with its holding, the *en banc* panel also distinguished its decision from that of *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), which denied certification of a multi-state class due to substantive differences between the laws of several different jurisdictions.  *Id.* at 596-97.  According to the *en banc* court, the sticking point between the two cases was that the class in *Mazza* has been certified for litigation, rather than settlement purposes.  *In re Hyundai*, 926 F.3d at 563.

---

[2]  For what may be obvious reasons, the *en banc* petition in *In re Hyundai* was strongly supported by both plaintiffs and defendants, as well as many right-leaning, pro-business lobbying groups, such as the American Tort Reform Association and the Association of Global Automakers, who expressed concern that requiring plaintiffs from every state to settle a nationwide class action would necessarily result in less settlements, more unnecessary litigation, and no global peace for defendants. *See* Linda Chiem, *Full 9th Circ. Saves Hyundai, Kia Fuel Economy Deal*, LAW360 (June 6, 2019, 1:17 PM EDT), https://www.law360.com/articles/1166670/full-9th-circ-saves-hyundai-kia-fuel-economy-deal?copied=1.

Yet, even if the contrast between the rules animating the certification of classes for settlement and litigation purposes were not so stark, the Eleventh Circuit has made it clear that "if a claim is based on a principle of law that is uniform among the states, class certification is a realistic possibility." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1262 (11th Cir. 2004); *see also In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 666, 674 (S.D. Fla. 2011) (common law claims certified as nationwide class where Plaintiffs were from New York, California, and Washington, finding "Plaintiffs' claims arise out of the same course of conduct and are based on the same legal theories as those of the absent class members").

Here, Plaintiffs have alleged that defendants subjected Plaintiffs and the members of the class to the same unfair, unlawful, and deceptive practices and harmed them in the same manner. Moreover, Plaintiffs allege that this conduct arose from a substantially similar business practice utilized by all defendants *vis-à-vis* their business relationships with AGA. Thus, even if the Parties were not exempted from addressing the manageability issues required in non-settlement class certification contexts, plenty of in-Circuit case law nonetheless demonstrates the factual circumstances of this case are such that Plaintiffs would still be in a viable position to represent settlement class members from other states. *See In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d 1330 (S.D. Fla. 2011) (certifying nationwide class for settlement of action asserting state common law claims for breach of duty of

- 4 -

good faith, conversion, unjust enrichment, and violation of state unfair trade practice statutes); *see also* Order Granting Preliminary Approval of Class Action Settlement at 2-3, *In re 21st Century Oncology Customer Data Sec. Breach Litig.*, No. 8:16-md-02737-MSS-AEP (M.D. Fla. Nov. 2, 2020), ECF No. 249 (granting preliminary approval to nationwide class action settlement alleging only state-law claims where there were only 14 named plaintiffs);[3] *In re: Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2020 WL 8256366, at *20 (N.D. Ala. Nov. 30, 2020) ("There is no requirement that there be a class representative from each state to certify a national class."); *Deas v. Russell Stover Candies, Inc.*, No. CV-04-C-0491-S, 2005 WL 8158201, at *7 (N.D. Ala. Dec. 22, 2005) (Clemon, C.J.) ("The Court notes that, to the extent any variations in state law would suggest that the case might not be readily manageable as a class action, that is an issue that the Supreme Court has specifically stated a court need not consider in determining whether a class should be certified for settlement purposes."); *id.* at *1-3 (approving settlement of a nationwide class of state law claims for unjust enrichment, fraudulent suppression, breach of implied and express warranty, and unfair merchandising practices brought by two Alabama residents); *Access Now, Inc. v. AMH CGH, Inc.*, No. 98-3004-CIV-

---

[3]    *See* Amended Consolidated Class Action Complaint at 72-90, *In re 21st Century Oncology Customer Data Sec. Breach Litig.*, No. 8:16-md-02737-MSS-AEP (M.D. Fla. July 30, 2018), ECF No. 191.

GOLD, 2001 WL 1005593, at *12 (S.D. Fla. May 11, 2001) ("[T]he Court evaluated Plaintiffs' Amended Motion for Class Certification . . . in the context of a settlement class only, and was not required to reach the question whether this case appropriately could be tried as a nationwide class action . . . .").[4]

## B.    Neither *Dolan* Nor *Donoff* Prevent the Court from Certifying a Nationwide Settlement Class

At the April 15, 2021 status conference, the Court also questioned whether Judge's Scola's dismissal of nationwide class allegations pertaining to the unjust enrichment claim in *Dolan v. JetBlue Airways Corp.*, 385 F. Supp. 3d 1338, 1355 (S.D. Fla. 2019), and Judge Middlebrooks' denial of class certification in *Donoff v. Delta Air Lines, Inc.*, No. 18-cv-81258, 2020 WL 3268272 (S.D. Fla. Jan. 24, 2020), implicated issues with certification of a settlement-only class in the instant case.  As detailed below, those decisions were made under highly divergent circumstances, and are therefore inapplicable to the relaxed, settlement-specific inquiry required here.

To the extent that *Dolan* and *Donoff* raise issues relevant to this case, they do so ***only*** within the litigation phase, which has now since passed.  In fact, any

---

[4]    In *Thomas v. Blue Cross & Blue Shield Ass'n*, 333 F. App'x 414 (11th Cir. 2009), the Eleventh Circuit itself implicitly approved nationwide class settlements notwithstanding the lack of plaintiffs from every state. *Id.* at 416.

difficulty implicated by those decisions actually militates in favor of certifying a settlement-only class here, since the "likelihood of success at trial" (which necessarily includes the ability to maintain class certification through trial)[5] is one of the factors the Eleventh Circuit identified as bearing upon the Court's evaluation of the fairness, adequacy, and reasonableness of a proposed settlement under Federal Rule of Civil Procedure 23(e)(2). *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *see also Bennett v. Behring Corp.*, 96 F.R.D. 343, 350 (S.D. Fla. 1982) ("[T]he court concludes that the likelihood of success on the merits in this case is very low. It would seem unwise, therefore, to risk the substantial benefits which the settlement confers upon the class to the vagaries of a trial."); *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-md-2800-TWT, 2020 U.S. Dist. LEXIS 7841, at *168 (N.D. Ga. Jan. 13, 2020) ("Class certification outside of the settlement context also poses a significant challenge. . . . That the plaintiffs achieved all the relief in the settlement in the face of the risk they face strongly weighs in favor of approving the settlement as fair, reasonable, and adequate.").

---

[5]   Other circuit courts of appeal have expressly included "the risk of maintaining class action status through trial" as a factor district courts should consider in approving a class action settlement. *See, e.g.*, *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004); *Pincay Invs. Co. v. Covad Commc'ns Grp.*, 90 F. App'x 510, 511 (9th Cir. 2004).

    **1.**    **There Is No Barrier to Certification of a Nationwide Settlement Class for Plaintiffs' Unjust Enrichment Claim**

Based on the dismissal of nationwide class allegations related to the unjust enrichment claim in *Dolan*, 385 F. Supp. 3d at 1355, the Court expressed a concern about certifying a nationwide settlement-only class for Plaintiffs' state common law claims. Put simply, the concerns that Judge Scola expressed in *Dolan* in the non-settlement context, and the authority the court relied upon, do not exist here. Most fundamentally, as discussed *infra*, *Dolan* and the case it relied upon addressed the predominance question only in the context of a contested class certification motion, rather than certification of a settlement class that the parties do not oppose.[6]

The *Dolan* court did not conduct any analysis of its own, and simply relied on a quote from *Kunzelmann v. Wells Fargo Bank, N.A.*, No. 9:11-CV-81373-DMM, 2013 WL 139913, at *6 (S.D. Fla. Jan. 10, 2013), that "the substantial variations in law among the fifty states [regarding unjust enrichment] 'swamp any common issues and defeat predominance,'" which itself was partially based on a quote from *Klay*,

---

[6] Furthermore, as the *Dolan* court noted, it struck the nationwide class allegations due to the plaintiff's failure to respond to defendant JetBlue Airways Corporation's arguments on that issue. 385 F. Supp. 3d at 1355 ("Further, Dolan has wholly failed to address the substance of JetBlue's arguments in this regard. 'The failure to defend a claim in responding to a motion to dismiss results in the abandonment of that claim.'"). An order granting a motion by default should carry little, if any, weight in future cases.

382 F.3d at 1261.

In *Klay*, the quote that the *Kunzelmann* court partially lifted and applied to an unjust enrichment claim actually had nothing to do with unjust enrichment. The *Klay* court stated only that "variations in state law ***may*** swamp any common issues and defeat predominance," *id.*, a nuance omitted from *Kunzelmann*'s use of the quote. *See* 2013 WL 139913, at \*6. And in *Klay*, that quote was part of an analysis of whether variations in state laws on a breach of contract claim destroyed predominance. While noting that there are differences among the fifty states' contract laws, in the context of the issues relevant in that case, there were no "***relevant*** differences in the applicable laws among these jurisdictions." *Klay*, 382 F.3d at 1263. The Eleventh Circuit's reference to "relevant" differences makes clear that the predominance analysis is context and case specific, and there is no blanket rule that predominance cannot be met for a nationwide class whenever a cause of action is subject to differences in state laws. *See, e.g.*, *James D. Hinson Elec. Contracting Co. v. AT & T Servs., Inc.*, No. 3:13-CV-29-J-32JRK, 2014 WL 1118015, at \*4 (M.D. Fla. Mar. 20, 2014) (noting that, while "variations in state law may swamp any common issues and defeat predominance," "[c]lass certification may be possible, however, if state laws are uniform ***where it matters***").

Separately, while the *Klay* court also addressed an unjust enrichment claim – in a contested and litigated context – it held that predominance could not be met due

- 9 -

to individualized questions of fact, ***not*** due to variations in state law, as incorrectly suggested in *Kunzelmann*.  Moreover, in *Dolan* and *Kunzelmann*, the issues of both liability for unjust enrichment and class certification were contested.  In other words, the predominance analyses were conducted within a ***non***-settlement context.  Within a contested, litigated setting, a defendant could very well challenge different elements of an unjust enrichment claim under different state laws, creating a predominance issue because the Court or the jury would ultimately have to, respectively, analyze on summary judgment or be instructed on the laws of multiple states, an issue simply not present in the settlement context.

To be sure, within the settlement context, a defendant is not contesting various elements under different state laws and there is no risk of such individualized questions of law or fact consuming the Court's or the jury's time.   Indeed, Rule 23(b)(3) refers to questions of law or fact common to class members versus questions affecting only individual members. In the settlement context, questions related to the differences among the various states regarding unjust enrichment claims are simply not an issue.  And the questions of law or fact common to class members do predominate here because there are no competing questions regarding differing liability under different state schemes for unjust enrichment.  Thus, not surprisingly, the advisory committee notes to Rule 23 expressly observe that "the standards for certification differ for settlement and litigation purposes."  Fed. R. Civ.

P. 23 advisory committee note (2018).

That is why numerous courts have recognized that "variations in state laws *are not obstacles to certification* in the settlement context." *Dorado v. Bank of Am., N.A.*, No. 1:16-CV-21147-UU, 2017 WL 5241042, at *6 (S.D. Fla. Mar. 24, 2017) (quoting *In re Nat'l Collegiate Athletic Assoc. Student-Athlete Concussion Inj. Litig.*, 314 F.R.D. 580, 595 n.15 (N.D. Ill. 2016)); *see also In re Warfarin Sodium Antitrust Litig.*, 391 F.3d at 529 ("[W]hen dealing with variations in state laws, the same concerns with regards to case manageability that arise with litigation classes are not present with settlement classes, and thus those variations are irrelevant to certification of a settlement class."); *In re Mex. Money Transfer Litig.*, 267 F.3d 743, 747 (7th Cir. 2001) ("Given the settlement, no one need draw fine lines among state-law theories of relief."); *In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 974 (N.D. Ill. 2011) ("The fact that the claims also implicate the laws of different states does not defeat predominance for the purpose of certifying a settlement class.").

And even outside of the settlement context, there is no per se bar to certifying multistate or nationwide unjust enrichment classes. Indeed, courts have certified multistate unjust enrichment classes, even under contentious circumstances, despite variation in state law. *In re Checking Acct. Overdraft Litig.*, 307 F.R.D. 630, 647 (S.D. Fla. 2015) (agreeing that "the variations among some states' unjust enrichment

laws do not significantly alter the central issue or the manner of proof"); *see also, e.g.*, *In re Abbott Labs. Norvir Anti-Tr. Litig.*, No. C 04-1511 CW, 2007 WL 1689899, at *9 (N.D. Cal. June 11, 2007) (certifying nationwide unjust enrichment class **over defendant's objection** and noting that, while "[d]ifferences in state law claims can outweigh the similarities, precluding class certification as to those claims," such "differences do not always outweigh the similarities, especially in cases concerning unjust enrichment claims").

Accordingly, variation in state law regarding unjust enrichment does not present an obstacle to certification of a nationwide settlement class in this case.

## 2. *Donoff* Is Both Distinguishable and, in Plaintiffs' View, Wrongly Decided

### a. *Donoff* Is Distinguishable

Putting aside that *Donoff*, like *Dolan*, analyzed the predominance element in a completely different, litigated context, *see Dorado*, 2017 WL 5241042, at *6, the unpublished order denying class certification in *Donoff*, 2020 WL 3268272, is also distinguishable from this case. Specifically, unlike the operative complaint here, *Donoff* did not raise claims and allegations related to the sale of consumers' personal information. *See* Consolidated Amended Class Action Complaint (ECF No. 31) ("CAC"), ¶¶78-90. The *Donoff* court never addressed such claims.

Moreover, the decision to certify a class is largely left to the court's discretion. *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1386 (11th Cir. 1998) (noting

that "class certification decisions are left to the sound discretion of the district court"). Although the *Donoff* court exercised its discretion by denying certification of a litigation class in that case, it clearly does not follow that granting certification here in the settlement context would constitute an abuse of discretion or a clear error of judgment. As the Eleventh Circuit has repeatedly explained, "the abuse of discretion standard ***allows a range of choice*** for the district court, so long as that choice does not constitute a clear error of judgment." *Lebron v. Sec'y of Fla. Dep't of Child. & Fams.*, 772 F.3d 1352, 1367 (11th Cir. 2014); *see also Macklin v. Singletary*, 24 F.3d 1307, 1311 (11th Cir. 1994) ("The very concept of discretion presupposes a zone of choice within which the trial courts may go either way."). Thus, one judge's discretionary decision does not mean that certification would necessarily be improper even under an identical set of facts – and it certainly carries even less weight when based on the inapposite context of a contested class-certification motion with a more stringent predominance standard.

### b.    In Plaintiffs' View, *Donoff* Is Wrongly Decided

*Donoff* is inapposite because it involved a discretionary decision on different claims under a more stringent standard, and here, the proposed class easily satisfies the requirements and standards for certifying a settlement class. Putting aside these

facts, in Plaintiffs' view, its reasoning remains problematic.  Four of the most glaring flaws of the *Donoff* decision follow.[7]

First, the court rejected Eleventh Circuit precedent and decisions from a legion of Florida state courts by holding that a party asserting a "pass through" claim must demonstrate that every class member relied on an affirmative misrepresentation made by the defendant.  *See, e.g.*, *Fitzpatrick v. Gen. Mills, Inc*., 635 F.3d 1279, 1282-83 (11th Cir. 2011) (holding that "recovery under the FDUTPA does not hinge on whether a particular plaintiff actually relied on [defendant's unfair or deceptive conduct]; rather, whether the allegedly deceptive conduct would deceive an objective reasonable consumer is a common issue for all the putative class members, amenable to classwide proof").

Second, the court improperly found that individual damages issues defeated predominance under Rule 23(b)(3) by rejecting controlling Florida law on Florida Deceptive and Unfair Trade Practice Act ("FDUTPA") damages as well as numerous cases holding that the potential for individualized damages generally ***do not*** defeat predominance.  *See, e.g.*, *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 990 (11th Cir. 2016) ("As we've already noted, the potential for individualized

---

[7]    Plaintiffs in *Donoff* petitioned the Eleventh Circuit under Rule 23(f) for review of Judge Middlebrook's denial of class certification.  *See Cappillo v. Delta Air Lines, Inc.*, No. 20-10931 (11th Cir.).  That petition remains pending and briefing is stayed pending resolution of the parties' proposed settlement in this case.

damages is not sufficient to defeat class certification under Florida law."); *Allapattah Servs. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir. 2003) ("[N]umerous courts have recognized that the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate."). This error was particularly egregious in Plaintiffs' view, given that the evidence presented to the court showed that defendant Delta Air Lines, Inc. received the ***exact same percentage*** of each class members' insurance premium (50%) as an alleged commission.

Third, the court inexplicably found a lack of numerosity under Rule 23(a)(1), despite the fact that numerosity was uncontested and the plaintiff submitted evidence demonstrating that each year hundreds of thousands of customers purchased the insurance policies at issue. The court's finding on this point was inconsistent with the Eleventh Circuit's guidance that district courts may make common-sense assumptions on this element and that "a balance should be struck in favor of a finding of numerosity." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983).

Fourth, the court improperly found that the plaintiff was an inadequate class representative based on its interpretation of his subjective beliefs concerning the FDUTPA claim (including his reliance on the defendant's deceptive conduct), even though the Eleventh Circuit has consistently held that "[a] party asserting a deceptive

trade practice claim need not show actual reliance on the representation or omission at issue" and "the absence of a reliance requirement means the impediment to class litigation that exists for multiple intrinsic fraud claims does not exist in FDUTPA cases." *Carriuolo*, 823 F.3d at 984-85.

In short, the decision to deny class certification in *Donoff* is inapposite because it was made under circumstances that required application of a more stringent standard that is inapplicable within the context of a certifying a class for settlement purposes. Even under that more stringent standard, however, Plaintiffs submit that the decision is highly flawed. Here, under the more relaxed requirements applicable to proposed settlement classes, the decision to grant certification should be a relatively easy call.

Dated: April 29, 2021

ROBBINS GELLER RUDMAN
  & DOWD LLP
STUART A. DAVIDSON
Florida Bar No. 84824
BRADLEY M. BEALL
Florida Bar No. 1010635

*s/ Stuart A. Davidson*
STUART A. DAVIDSON

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/760-3000
sdavidson@rgrdlaw.com
bbeall@rgrdlaw.com

LEÓN COSGROVE, LLP
SCOTT B. COSGROVE
Florida Bar No. 161365
JOHN R. BYRNE
Florida Bar No. 126294
JEREMY L. KAHN
Florida Bar No. 105277
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134
Telephone: 305/740-1975
scosgrove@leoncosgrove.com
jbyrne@leoncosgrove.com
jkahn@leoncosgrove.com

*Counsel for Plaintiffs and Proposed Lead
Class Counsel*

LEVI & KORSINSKY LLP
EDUARD KORSINSKY (*pro hac vice*)
55 Broadway, 10th Floor
New York, NY 10006
Telephone: 212/363-7500
ek@zlk.com

TAUS, CEBULASH
  & LANDAU, LLP
KEVIN S. LANDAU (*pro hac vice*)
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: 212/931-0704
klandau@tcllaw.com

KANTROWITZ, GOLDHAMER
   & GRAIFMAN, P.C.
BARRY S. KANTROWITZ
Florida Bar No. 0602752
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, NY  10977
Telephone:  845/356-2570
bkantrowitz@kgglaw.com

THE MOSKOWITZ LAW FIRM
ADAM M. MOSKOWITZ
Florida Bar No. 984280
2 Alhambra Plaza, Suite 601
Coral Gables, FL  33134
Telephone:  305/740-1423
adam@moskowitz-law.com

KOREIN TILLERY LLP
RANDALL EWING JR.*
205 North Michigan Avenue, Suite 1950
Chicago, IL  60601
Telephone:  312/641-9750
rewing@koreintillery.com

BONNETT FAIRBOURN FRIEDMAN
   & BALINT, PC
FRANCIS J. BALINT, JR. (*pro hac vice*)
2325 East Camelback Road, Suite 300
Phoenix, AZ  85016
Telephone:  602/274-1100
fbalint@bffb.com
*Counsel for Plaintiffs and Proposed*
*Additional Class Counsel*

- 18 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR*
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
tedp@rgrdlaw.com

WITES LAW FIRM
MARC A. WITES
Florida Bar No. 24783
4400 North Federal Highway
Lighthouse Point, FL  33064
Telephone:  954/933-4400
mwites@witeslaw.com

GLANCY PRONGAY &
  MURRAY
MARC L. GODINO (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
mgodino@glancylaw.com

GUSTAFSON GLUEK PLLC
DANIEL C. HEDLUND*
120 South 6th Street
Minneapolis, MN  55401
Telephone:  612/333-8844
dhedlund@gustafsongluek.com

*Additional Counsel for Plaintiffs*

* *Pro hac vice* forthcoming

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on April 29, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Stuart A. Davidson*
STUART A. DAVIDSON

ROBBINS GELLER RUDMAN
  & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

E-mail:  sdavidson@rgrdlaw.com